IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTIAN RAMOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-00153-SMY |
| | ) |
| FEDERICO FERNANDEZ, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are Defendants' motions *in limine* (Docs. 70, 72) and Plaintiff's response to the motions (Doc. 79). The Court took up the matter for hearing on December 16, 2021 (Doc. 78).

Motions *in limine* "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996). The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Often, the better

practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997). With these principles in mind, and for the reasons more fully stated on the record during the hearing the Court rules as follows.

### Defendants' Motions *in Limine* (Docs. 70, 72)

1. Defendants move to bar Plaintiff from testifying at trial regarding the causation of any medical or mental health condition. The motion is **GRANTED**; Plaintiff will not be allowed to testify regarding medical causation. He may, however, testify as to his symptoms following the incident.

2. Defendants move to bar Plaintiff from offering inadmissible hearsay statements of medical and/or mental health professionals. The motion is **GRANTED**.

3. Defendants move to bar Plaintiff from offering testimony or otherwise suggesting that the State of Illinois will indemnify Defendants. The motion is **GRANTED**.

4. Defendants move to bar Plaintiff from offering evidence or testimony of other lawsuits involving Defendants. The motion is **GRANTED**.

5. Defendants move to bar Plaintiff from offering evidence or testimony of any misconduct, reprimand, or grievance issued against Defendants. The motion is **GRANTED**.

6. Defendants move to bar Plaintiff from offering evidence or testimony referencing any "golden rule" appeal to the jurors. The motion is **GRANTED**.

7. Defendants move to bar Plaintiff from offering evidence or testimony referencing the Illinois Administrative Code, Illinois Department of Corrections Administrative Directives, and/or Illinois Department of Corrections Policies and Procedures. The motion is **GRANTED**.

8. Defendants move to bar Plaintiff from making reference to video cameras or video surveillance that was not preserved and/or a video surveillance camera that was not operational. The motion is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:** September 26, 2022

*s/ Staci M. Yandle*  
**STACI M. YANDLE**  
**United States District Judge**