IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTIAN RAMOS #M52272, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-153-SMY |
| | ) |
| SIERRA TATE, et al, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On March 15, 2023, *pro se* Plaintiff Cristian Ramos, a recently paroled IDOC inmate, participated in the final pre-trial conference for this matter (Doc. 105). The Court reviewed the case management procedures related to trials, advised the parties that the trial was set to commence on March 27, 2023, at 9:00 a.m., and instructed them to be present at 8:30 a.m. on the first day of trial. Plaintiff indicated that he was ready to proceed to trial on that date.

Plaintiff failed to appear for trial on the morning of March 27, 2023, and did not respond to the Court's or Standby Counsel's attempts to contact him. Due to Plaintiff's absence, the Court discharged the prospective jurors at 10:00 a.m. The Court then entered an order requiring Plaintiff to show cause, on or before April 6, 2023, as to why this case should not be dismissed for failure to prosecute (Doc. 109).

On the deadline date, Plaintiff responded, asserting that his phone "died out of battery so [he] missed [his] alarm that morning" and that he "did contact counsel and clerk couple hours after the trial was suppose to start, and explained about my phone dying out of battery" (Doc. 110).[1]

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to prosecute or disobedience of a Court Order. In deciding whether to dismiss an action pursuant to that Rule, courts consider and weigh certain factors, including: (1) the frequency of the plaintiff's failure to comply with deadlines; (2) whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; (3) the effect of the mistakes on the judge's calendar; (4) the prejudice that the delay caused to the defendant; (5) the merit of the suit; and (6) the consequences of dismissal for the social objectives that the litigation represents. *Kasalo v. Harris & Harris,* 656 F.3d 557, 561 (7th Cir. 2011).

Here, the Court does not find Plaintiff's explanation for his failure to appear or his claim that he attempted to contact the clerk's office or counsel to explain his absence to be credible. At the same time, the resulting waste of juror and judicial resources and the prejudice to Defendants caused by Plaintiff's failure to appear is significant. As such, dismissal with prejudice is appropriate in this matter. *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994) (affirming dismissal when plaintiff was "less than forthright" in explaining his inability to attend trial).

For the foregoing reasons, this matter is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter final judgment in favor of Defendants and against Plaintiff and to close the case.

---

[1] There is no record of any communications from the Plaintiff to the clerk's office, court chambers or counsel on March 27, 2023.

**IT IS SO ORDERED.**

**DATED: April 19, 2023**

**STACI M. YANDLE**
**United States District Judge**